# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JENNIFER RUTH SMITH,

    Plaintiff,

v.                                                            Case No. 1:20-cv-01021-SCY

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

## ORDER AWARDING EAJA FEES

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act, With Supporting Memorandum. Doc. 40. Plaintiff seeks $10,508.00 in attorney's fees based on 48.25 hours of work at a rate of $208 per hour in 2021 and $218 per hour in 2022. Doc. 40-1; Doc. 42 at 7 (including expense of reply briefing). The Commissioner filed a response in opposition, Doc. 41, and Plaintiff filed a reply, Doc. 42. Having reviewed the briefing, the record, and the relevant law, the Court GRANTS the motion for fees under the Equal Access To Justice Act ("EAJA").

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner does not contest whether EAJA fees are awardable; rather, the Commissioner argues that Plaintiff's counsel has requested her sum based on an unreasonable number of hours. Doc. 41 at 1 n.1.

An average social security appeal requires between twenty and forty hours. Doc. 40 at 2 (citing *Wellman v. Colvin*, No. CV 13-1122 KBM, Doc. 25 at 2 (D.N.M. June 15, 2015) (unpublished)); *see also Trivino v. Colvin*, Civ. No. 15-102, 2018 WL 514537 at *2 (D.N.M. Jan. 22, 2018) (collecting cases finding average amount of time spent on a social security case to be 30-40 hours). Here, Plaintiff's counsel spent 48.25 hours on the appeal in total, including 42.9 hours on the case up to and including the motion for fees and 5.35 hours on the reply brief in the fee dispute. Doc. 40-1 at 3; Doc. 42 at 7. 42.9 hours on the case itself is near the range of an average social security disability appeal, and this case was unusually complex, featuring a record over 5000 pages long and a series of appeals and remands.

Additionally, although Plaintiff's counsel represented Plaintiff on an earlier appeal, briefing on the motion to remand was complete for that appeal in March 2019 whereas briefing for the motion to remand for an award of benefits in this appeal began in August 2021. *See* Doc. 25; *Smith v. Social Security Administration*, 1:18-cv-00481-SCY (D.N.M.) Doc. 27. Working on the earlier appeal certainly provided Plaintiff's counsel with some awareness of the facts and law specific to this case, but approximately two and a half years elapsed in between that previous work and the present matter. To perform her duties effectively in this fact-intensive matter, another review of Plaintiff's extensive medical record was necessary. And to address the new issues in the current appeal, such as the vagueness of Dr. Moedl's opinion and the different ALJ findings regarding Dr. Owen's opinion, Plaintiff's counsel would have had to perform new research and draft new portions of the opinion beyond the work she had done on the previous appeal. Given the substantial record in this case, the time Plaintiff's counsel spent on these tasks is reasonable. The Court therefore GRANTS her motion for fees (Doc. 40), including the

expense of reply briefing, and AWARDS a total of $10,508.00 in attorney fees under the EAJA, 28 U.S.C. § 2412.

The EAJA fees will be paid to Plaintiff but delivered to Plaintiff's attorney.  *See Astrue v. Ratliff*, 560 U.S. 586, 595-98 (2010); *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007), cert. denied, 129 S. Ct. 486 (2008); *Brown v. Astrue*, 271 F. App'x 741, 743-44 (10th Cir. 2008) (unpublished).  It is further ordered that, if Plaintiff's counsel ultimately receives an award of attorney fees pursuant to 42 U.S.C. § 406(b), said attorney must refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE